# <u>Exhibit D</u>

# Bennett Jones

Bennett Jones LLP
3400 One First Canadian Place, PO Box 130
Toronto, Ontario, Canada  M5X 1A4
Tel: 416.863.1200  Fax: 416.863.1716

**Lincoln Caylor**
Partner
Direct Line: 416.777.6121
e-mail: caylorl@bennettjones.com

**Ranjan K. Agarwal**
Partner
Direct Line: 416.777.6503
e-mail: agarwalr@bennettjones.com
Our File No.: 072988.00001

May 13, 2015

Ministry of Justice
32 M. Gandi St
720010 Bishkek
Kyrgyz Republic

Ministry of Internal Affairs
469 Frunze Str.
720040 Bishkek
Kyrgyz Republic

King & Wood Mallesons
10 Queen Street Place
London
EC4R 1BE
United Kingdom

**Attention: Andrei Yakovlev**

Perley-Robertson, Hill & McDougall LLP/s.r.l.
Constitution Square
1400-340 Albert Street
Ottawa, Ontario
K1R 0A5
Canada

**Attention: R. Aaron Rubinoff and John Siwec**

The Embassy of the Kyrgyz Republic to the
USA and Canada
2360 Massachusetts Ave, NW
Washington, DC 20008

Ministry of Foreign Affairs
57 Erkindik Boulevard
720040 Bishkek
Kyrgyz Republic

Satarov, Askarov & Partners
Manas Avenue 1010
Office 608
Bishkek
Kyrgyz Republic

**Attention: Anvar Askarov**

WSLegal\072988\00001\11859969v1

May 13, 2015
Page Two

Dear Sirs:

**Re:     Stans Energy Corp. v Kyrgyz Republic
          Notice of Arbitration**

We are lawyers for the claimants Stans Energy Corp. and Kutisay Mining LLC. Enclosed is our clients' notice of arbitration, which is being communicated to you pursuant to the UNCITRAL Arbitration Rules.

Yours truly,

**BENNETT JONES LLP**

LC/RKA
Enclosure

cc:      Igor Zenkin, Interlex

# NOTICE OF ARBITRATION
## UNDER
## THE ARBITRATION RULES OF THE UNITED NATIONS COMMISSION ON INTERNATIONAL TRADE LAW,
## THE CONVENTION FOR THE PROTECTION OF INVESTORS' RIGHTS,
## AND THE LAW ON INVESTMENTS IN THE KYRGYZ REPUBLIC

---

STANS ENERGY CORP. and KUTISAY MINING LLC

Claimants

v.

THE KYRGYZ REPUBLIC

Respondent

---

May 13, 2015

**BENNETT JONES LLP**
3400 One First Canadian Place
P.O. Box 130
Toronto, ON
M5X 1A4
CANADA

Counsel for the Claimants,
Stans Energy Corp. and
Kutisay Mining LLC

## TABLE OF CONTENTS

Page

A.   INTRODUCTION...............................................................................1

B.   DEMAND THAT THE DISPUTE BE REFERRED TO ARBITRATION................1

C.   NAMES AND ADDRESSES OF THE PARTIES.....................................1

D.   REFERENCE TO ARBITRATION CLAUSES INVOKED.........................2

E.   REFERENCE TO RELEVANT RELATIONSHIP ...................................3

F.   GENERAL NATURE OF THE CLAIM................................................3

    1.   The Parties ......................................................................3

    2.   The Unlawful Expropriation ...........................................4

    3.   The *Moscow Convention*.................................................5

    4.   The Kyrgyz Investment Law ............................................6

    5.   The Value of the Claim....................................................7

G.   RELIEF SOUGHT AND DAMAGES CLAIMED ...................................8

H.   NUMBER OF ARBITRATORS, LANGUAGE, PLACE OF ARBITRATION AND APPOINTING AUTHORITY.............................................................8

I.   STATEMENT OF CLAIM ................................................................9

## A.   INTRODUCTION

1.      In accordance with Article 3 of the arbitration rules of the United Nations Commission on International Trade Law of 1976 (the **UNCITRAL Arbitration Rules**), the *Convention for the Protection of Investors' Rights*, signed in Moscow on March 28, 1997, (the ***Moscow Convention***), and the Law of the Kyrgyz Republic "On Investments in the Kyrgyz Republic" (the **Kyrgyz Investment Law**), dated March 27, 2003, Stans Energy Corp. (**Stans**) and Kutisay Mining LLC (**Kutisay LLC**) (collectively, the **Claimants**) hereby initiate recourse to arbitration against the Kyrgyz Republic (the **Republic**) with this Notice of Arbitration under the UNCITRAL Arbitration Rules (the **Notice of Arbitration**).

## B.   DEMAND THAT THE DISPUTE BE REFERRED TO ARBITRATION

2.      In accordance with Article 3(a) of the UNCITRAL Arbitration Rules, the Claimants hereby demand that this dispute between the Claimants and the Republic be referred to arbitration under the UNCITRAL Arbitration Rules.

## C.   NAMES AND ADDRESSES OF THE PARTIES

3.      Claimant:            **Stans Energy Corp.**

8 King Street East – Suite 205
Toronto, Ontario
M5C 1B5
CANADA

4.      Claimant:            **Kutisay Mining LLC**

42 A Akhunbaeva Street
Bishkek 720064
Kyrgyz Republic

5.      Respondent:        **Kyrgyz Republic**

Ministry of Justice
32 M. Gandi St
720010 Bishkek
Kyrgyz Republic

Ministry of Foreign Affairs
57 Erkindik Boulevard
720040 Bishkek
Kyrgyz Republic

Ministry of Internal Affairs
469 Frunze Str.
720040 Bishkek
Kyrgyz Republic

Embassy to the United States of America and Canada
2360 Massachusetts Ave, NW
Washington, DC 20008
United States of America

## D.      REFERENCE TO ARBITRATION CLAUSES INVOKED

6.      The Claimants invoke Article 11 of the *Moscow Convention*, which sets out provisions

concerning the resolution of investment disputes by arbitration between an "investor" and a

"recipient country", as those terms are defined in the *Moscow Convention*.

7.      The Claimants invoke Article 18 of the Kyrgyz Investment Law, which sets out

provisions concerning the resolution of investment disputes by arbitration between a "foreign

investor" and an "authorized state body", as those terms are defined in the Kyrgyz Investment

Law.

8.      Both Article 11 of the *Moscow Convention* and Article 18 of the Kyrgyz Investment Law

contain the Republic's consent to the resolution of this dispute between the Claimants and the

Republic by arbitration under the UNCITRAL Arbitration Rules.

**E.     REFERENCE TO RELEVANT RELATIONSHIP**

9.     This dispute relates to the Claimants' investments in the Republic, and the damages that the Claimants have suffered as a result of the Republic's unlawful violation of its obligations and the Claimants' rights under the *Moscow Convention* and the Kyrgyz Investment Law.

**F.     GENERAL NATURE OF THE CLAIM**

      **1.     The Parties**

10.     The Republic is a sovereign nation located in central Asia that declared its independence in 1991. It is a former republic of the USSR.

11.     Stans is a publically-traded company incorporated under the laws of the Ontario, with its head office located in Toronto.

12.     Stans carries on business developing properties containing rare-earth elements, uranium, and associated metals. The company seeks to acquire and develop proven resource properties in areas of the former USSR, and its primary assets consist of exploration rights and property, exploration, and mining licences in the Republic.

13.     Stans directly and wholly owns Stans Energy KG LLC (**Stans KG**), a limited liability company registered under the laws of the Republic.

14.     Stans KG directly and wholly owns Kutisay LLC, a limited liability company registered under the laws of the Republic.

## 2.   The Unlawful Expropriation

15.   In December 2009, Kutisay Mining JSC (**Kutisay JSC**), a company wholly owned by the Republic, was granted a licence for the Kutessay II mining deposit in the Republic (the **Kutessay Mine**) by the Republic's State Agency for Geology and Mineral Resources (**SAGMR**).

16.   On December 29, 2009, Stans KG purchased all of the shares of Kutisay JSC at a public auction. In January 2010, Kutisay JSC was reorganized into Kutisay LLC.

17.   On September 20, 2010, SAGMR reissued the licence to Kutisay LLC, and the Claimants continued to invest in the development of the Kutessay Mine.

18.   On June 26, 2012, the Committee of Development of Economic Industries of the Parliament of the Republic passed a resolution obligating SAGMR to cancel the licence agreement with Kutisay LLC in respect of Kutessay Mine.

19.   In April 2013, the General Prosecutor's Office (the **GPO**) filed an application with SAGMR for the invalidation of the Minutes, dated December 21, 2009, of direct negotiations between SAGMR and Kutisay JSC (the **Minutes**), effectively challenging the validity of the auction for Kutisay JSC's shares.

20.   SAGMR refused to allow work to go on at the Kutessay Mine, permit ecological expert examinations or re-execute the underlying license agreement for the Kutessay Mine.

21.   On April 15, 2013, the GPO obtained an injunction barring Kutisay LLC from taking any steps with respect to the Kutessay Mine.

22.     On July 30, 2014, the Bishkek City Court upheld the GPO's application to annul the

Minutes. In November 2014, SAGMR revoked Kutisay LLC's licence for the Kutessay Mine.

### 3.     The *Moscow Convention*

23.     Through the expropriatory, unlawful, and discriminatory acts of its officials and agencies,

the Republic has expressly violated its obligations as a party to the *Moscow Convention* and

caused substantial loss and damage to the Claimants.

24.     In particular, the Republic's conduct constitutes a clear violation of its obligations, and

the Claimants' rights, under Article 9 of the *Moscow Convention*, which states:

> Investments shall not be liable to nationalisation and may not be
> subjected to requisition except in exclusive cases (natural
> calamities, incidents, epidemic, epizootic and other circumstances
> of extreme character) stipulated by the national legislation of the
> Parties when such measures are taken in public interests stipulated
> by the Basic Law (Constitution) of the recipient country.
> Nationalisation or requisition may not be implemented without
> paying the investor the adequate compensation.
>
> Decisions on nationalisation or requisition of investments shall be
> taken according to the procedure established by the national
> legislation of the recipient country.
>
> Decisions of state bodies on nationalisation or requisition of
> investments may be appealed against according to the procedure
> established by the national legislation of the recipient country.
>
> The investor shall have the right for reimbursement of the damage
> caused to him by decisions and actions (omissions) of state bodies
> or officials contradicting legislation of the recipient country and
> norms of international law.

25.     Under the *Moscow Convention*, the Claimants are "investors" (defined as "the state, legal

or physical person investing their own, borrowed or attracted resources in the form of

investments") and the Republic is a "recipient country" (defined as "the state in whose territory is located the object of investment").

26.     Accordingly, pursuant to Article 9, the Republic's expropriation (or "nationalization" or "requisition") of the Claimants' rights with respect to the Kutessay Mine may not be implemented without paying the Claimants "adequate compensation".

### 4.     The Kyrgyz Investment Law

27.     The expropriatory, unlawful, and discriminatory acts of the Republic's officials and agencies also constitute an express violation of the Republic's obligations, and the Claimants' rights, under the Republic's domestic investment law.

28.     In particular, Article 6(1) of the Kyrgyz Investment Law states:

> Investments are not subject to expropriation (nationalization, requisition, or other equivalent measures, including actions or inactions by the authorized state bodies of the Kyrgyz Republic which have resulted in forced confiscation of investors' funds, or in loss of opportunity to make use of the investments' results), except in instances as provided for by the legislation of the Kyrgyz Republic when such expropriation is in the public interests, is carried out on a non-discriminatory basis that is pursuant to proper legal procedure, and with the payment of timely, appropriate and actual compensation of damages, including lost gains.

29.     The Claimants are "investors", as that term is defined in Article 1 of the Kyrgyz Investment Law: "'Investor' means a party to investment activity providing its own, borrowed or attracted funds in the form of direct investment."

30.     Accordingly, pursuant to Article 6(1), the Republic's expropriation (or "nationalization" or "requisition") of the Claimants' rights with respect to the Kutessay Mine may not be

implemented without "the payment of timely, appropriate and actual compensation of damages, including lost gains".

31.     The meaning of "timely, appropriate and actual compensation of damages" under the Kyrgyz Investment Law is reflected in Articles 6(2) and 6(3):

> The amount of the compensation shall be equivalent to a fair market price of the expropriated investment or part thereof, including lost gains, determined as at the date of the expropriation decision. The fair market price must not reflect any change in the value of investment caused by advance knowledge of the expropriation.
>
> The compensation must be actual and shall be payable in a freely convertible currency within the term agreed on by the parties. The compensation shall include interest calculated in U.S. dollars at the London Interbank Offered Rate [LIBOR] for the term for which the compensation is charged. If such term is more than one year, a twelve-month LIBOR shall be used.

### 5.     The Value of the Claim

32.     In October 2013, the Claimants commenced arbitration proceedings against the Republic by filing a statement of claim with the Moscow Chamber of Commerce and Industry's Arbitration Court (the **MCCI Arbitration Court**).

33.     On June 30, 2014, the arbitral tribunal appointed pursuant to the MCCI Arbitration Court's rules (the **Arbitral Tribunal**) issued an arbitral award in the Claimants' favour in the amount of US$118,206,058.04 (the **MCCI Award**).

34.     On April 29, 2015, the Moscow Arbitrazh Court set aside the MCCI Award on procedural grounds. The Moscow Arbitrazh Court did not set aside the MCCI Award on its merits.

35.     The value of this claim is estimated to be in excess of US$118 million.

## G.     RELIEF SOUGHT AND DAMAGES CLAIMED

36.     The Claimants have incurred significant damages as a result of the Kyrgyz Republic's violation of its obligations under the *Moscow Convention* and the Kyrgyz Investment Law.

37.     The Claimants seek  the following relief:

    a.      damages in an amount to be proven in the arbitration proceedings, currently estimated to be in excess of USD $118 million;

    b.      the full costs associated with any arbitration proceedings, including all professional and legal fees and disbursements, as well as the fees and disbursements of the arbitral tribunal and any administering institution;

    c.      pre-award and post-award interest at a rate to be fixed by an arbitral tribunal;

    d.      payment of a sum of compensation equal to any tax consequences of the award, in order to maintain the award's integrity; and

    e.      such further relief as an arbitral tribunal may deem just and appropriate.

## H.     NUMBER OF ARBITRATORS, LANGUAGE, PLACE OF ARBITRATION AND APPOINTING AUTHORITY

38.     The Claimants propose that there be three arbitrators in accordance with Article 9 of the UNCITRAL Arbitration Rules, that the arbitration take place in Toronto, Ontario, and that the arbitration be conducted in the English language.

39.     In accordance with Articles 3(4)(c) and 9 of the UNCITRAL Arbitration Rules, the Claimants appoint the Honourable Colin L. Campbell, QC, a national of Canada, to serve as arbitrator in this arbitration. Mr. Campbell has confirmed that he is and shall remain impartial and independent of the parties during this arbitration.

40.     The Claimants propose that the International Centre for Dispute Resolution Canada be designated as the appointing authority in accordance with Article 6 of the UNCITRAL Arbitration Rules.

**I.     STATEMENT OF CLAIM**

41.     The statement of claim will be communicated by the Claimants to the Republic and to each of the arbitrators at a future point in time as directed by the arbitral tribunal in accordance with Article 20 of the UNCITRAL Arbitration Rules.

May 13, 2015                                          **BENNETT JONES LLP**

                                                     Lincoln Caylor
                                                     Ranjan Agarwal

                                                     3400 One First Canadian Place
                                                     P.O. Box 130
                                                     Toronto, Ontario
                                                     M5X 1A4
                                                     CANADA

                                                     Telephone:     (416) 863-1200
                                                     Facsimile:     (416) 863-1716

                                                     Counsel for the Claimants,
                                                     Stans Energy Corp. and
                                                     Kutisay Mining LLC

SERVED ON:

**Kyrgyz Republic**                                  **Attention: Andrei Yakovlev**

Ministry of Justice                                  King & Wood Mallesons
32 M. Gandi St                                       10 Queen Street Place
720010 Bishkek                                       London
Kyrgyz Republic                                      EC4R 1BE
                                                     United Kingdom

Ministry of Foreign Affairs
57 Erkindik Boulevard                                **Attention: Anvar Askarov**
720040 Bishkek
Kyrgyz Republic                                      Satarov, Askarov & Partners
                                                     Manas Avenue 1010
                                                     Office 608
Ministry of Internal Affairs                         Bishkek
469 Frunze Str.                                      Kyrgyz Republic
720040 Bishkek
Kyrgyz Republic                                      **Attention: R. Aaron Rubinoff and John Siwec**

Embassy to the United States of                      Perley-Robertson, Hill & McDougall LLP/s.r.l.
America and Canada                                   Constitution Square
2360 Massachusetts Ave, NW                           1400-340 Albert Street
Washington, DC 20008                                 Ottawa, Ontario
United States of America                             K1R 0A5