**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GEBRE LLC,

        Petitioner,

        v.

KYRGYZ REPUBLIC,

        Respondent.

Case No. 20-cv-1795-ABJ-MJS

## MEMORANDUM OPINION AND ORDER

The Court previously entered default judgment against the Kyrgyz Republic ("Kyrgyzstan"), confirming a sizeable arbitration award in favor of Gebre LLC ("Gebre") and against Kyrgyzstan. Having provided notice of the judgment to Kyrgyzstan more than five months ago, Gebre now requests approval to seek attachment and execution of the judgment under 28 U.S.C. § 1610(c). Because the Court agrees a reasonable time has elapsed since Gebre provided proper notice of the judgment pursuant to the statute, it **GRANTS** the motion (ECF No. 45).[1]

## BACKGROUND

Judge Jackson described the backdrop to this dispute in her decision granting default judgment against Kyrgyzstan. *See Gebre LLC v. Kyrgyz Republic*, 2022 WL 2132481, at *1

---

[1] U.S. District Judge Amy Berman Jackson referred Gebre's motion to the undersigned pursuant to LCvR 72.2(a). (*See* ECF No. 46.) Because the motion seeks non-dispositive relief concerning matters related to the judgment-collection process, the Court's ruling takes the form of a memorandum opinion and order, rather than a report and recommendation. *See, e.g.*, *Whiteside v. Allegiance Bank*, 2024 WL 218514, at *1 n.1 (E.D. Tex. Jan. 19, 2024) ("A magistrate judge unquestionably has the right to decide non-dispositive post-judgment matters involved in the judgment collection process[.]") (cleaned up) (quoting *Pac. Premier Bank v. Kulwant Kaur Sandhu*, 2022 WL 658715, at *1 n.1 (S.D. Tex. Mar. 4, 2022)).

(D.D.C. June 14, 2022). The Court here recites only a high-level overview of the underlying facts, along with the salient procedural history relevant to its resolution of this motion.

This dispute springs from a controversy over mining investments made by Stans Energy ("Stans") and its wholly owned subsidiary, Kutisay Mining LLC ("Kutisay"). Beginning in 2009, Stans and Kutisay entered into a series of licensing agreements with Kyrgyzstan to mine certain mineral deposits in the Aktyuz Ore Field. After several years, Kyrgyzstan reportedly began implementing measures that hindered Stans' and Kutisay's "effective use and control" of those licenses. So Stans and Kutisay commenced legal action, asserting that Kyrgyzstan's actions amounted to an unlawful expropriation of their investments. They arbitrated the dispute, and the arbitral tribunal awarded Stans and Kutisay over $15,000,000 in damages, plus legal costs and interest. Stans and Kutisay assigned their rights in the award to Gebre (formerly known as Gillham LLC), and Gebre then petitioned to confirm the arbitration award. (*See* ECF No. 1.)

Kyrgyzstan never appeared in these proceedings. In turn, Judge Jackson granted Gebre's motion for default judgment and confirmed the award. *See Gebre*, 2022 WL 2132481, at *8–9. The Clerk mailed the judgment—accompanied by an official Russian translation—to Kyrgyzstan in July 2022, in accordance with 28 U.S.C. § 1608(a)(3). (*See* ECF Nos. 32, 33.) Around the same time, Gebre discovered that some legal costs were mistakenly omitted from the original judgment, and Judge Jackson approved Gebre's request for an amended order that included those amounts. (ECF No. 34.) At Gebre's request, Judge Jackson then issued an amended judgment for the new total amount. (ECF No. 38; Min. Order, Apr. 30, 2025.) The Clerk mailed the amended default judgment—again, accompanied by an official Russian translation—to the head of Kyrgyzstan's Ministry of Foreign Affairs. (ECF Nos. 41, 42.) These documents were delivered on May 28,

2

2025.[2] Then, about a month later, Gebre's counsel followed up with a demand letter to Kyrgyzstan asking for payment by July 18, 2025, and indicating that absent payment, Gebre would take steps to enforce the judgment. (ECF No. 45-2.) Kyrgyzstan reportedly did not respond to the letter or otherwise take steps to comply with the judgment. Faced with continuing radio silence, Gebre then filed this motion requesting judicial authorization to pursue attachment and execution of the amended judgment in accordance with 28 U.S.C. § 1610(c). (ECF No. 45.) Judge Jackson recently referred the matter to the undersigned for resolution. (ECF No. 46.) This ruling now follows.

## LEGAL STANDARDS

The Foreign Sovereign Immunities Act ("FSIA") allows for attachment and execution of certain property in the United States for purposes of enforcing certain judgments against foreign states. *See* 28 U.S.C. § 1610(a)–(b). This includes judgments "based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement." *Id.* § 1610(a)(6). But there is a threshold requirement: before allowing attachment or execution, a court must "determine[] that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter." *Id.* § 1610(c). In other words, a court must (1) confirm that proper notice of the judgment was given to the foreign state and (2) ask if a "reasonable" time elapsed after entry of judgment and the giving of notice. *See, e.g.*, *Eurofinsa, S.A. v. Gabonese Republic*, 2025 WL 1650493, at *1 (D.D.C. June 11, 2025).[3]

---

[2] ECF No. 42-1 includes a FedEx tracking number, which the Court independently reviewed for purposes of taking judicial notice of the completed delivery on May 28, 2025. *See* Fed. R. Evid. 201(b)(2).

[3] This predicate judicial finding does not, in and of itself, "authorize the attachment or execution upon any particular property," but instead allows the applicant to move forward generally in the enforcement process. *See Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 11 (D.D.C. 2015).

**DISCUSSION**

Applying the principles laid out above, the Court concludes Gebre makes the requisite statutory showing under the FSIA and is entitled to the relief it seeks.

For starters, Gebre demonstrates that proper notice of the amended default judgment was given to Kyrgyzstan. The FSIA requires that a default judgment be "sent to the foreign state … in the manner prescribed for service" under the statute. *See* 28 U.S.C. § 1608(e). Relevant here, if notice cannot be sent to or served on a foreign state "in accordance with any special arrangement" or an "international convention"—as described in Sections 1608(a)(1) and (a)(2)—a party can give notice "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state." *Id.* § 1608(a)(3). The judgment must be sent "with a translation" in the foreign state's official language. *Id.*; *see also Warmbier v. Democratic People's Republic of Korea*, 2019 WL 11276677, at *1–2 (D.D.C. Apr. 9, 2019) (describing interplay between Sections 1608(e) and 1608(a)(3)). Here, because there was no relevant "special arrangement" or "international convention" governing service on Kyrgyzstan, the Clerk mailed the amended judgment on May 21, 2025, in keeping with 28 U.S.C. § 1608(a)(3). More, the record before the Court reflects that the relevant documents—including an accompanying translation—were delivered to Kyrgyzstan on May 28, 2025. (*See* ECF No. 42-1.) That was proper notice. Judge Jackson previously found the original service of suit proper under subsection (a)(3). *Gebre*, 2022 WL 2132481, at *7. The same holds true now, as well.

The Court likewise agrees that a "reasonable period" has elapsed since that notice. The statute is silent as to what amounts to a "reasonable period" in this context, and the qualifying length can vary depending on the particulars of each case. That said, courts should consider the time it may take the foreign state to "pass the minor legislation necessary to appropriate funds" to

4

pay the judgment and "to organize and transfer the appropriate assets." *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001). Through that lens, judges in this District have consistently concluded that the passage of at least a few months after judgment and proper notice is generally sufficient. *See, e.g.*, *Baker v. Socialist People's Libyan Arab Jamahirya*, 810 F. Supp. 2d 90, 101 (D.D.C. 2011) (approximately three months); *see also Owens*, 141 F. Supp. 3d at 9 (three months); *Eurofinsa, S.A.*, 2025 WL 1650493, at *3 (three months); *Saint Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela*, 2021 WL 6644369, at *2 (D.D.C. July 13, 2021) (four months); *Warmbier*, 2019 WL 11276677, at *2 (two months); *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 2017 WL 6349729, at *1 (D.D.C. June 9, 2017) (approximately two months). So, too, here. Gebre waited nearly five months after Kyrgyzstan received notice of the amended judgment before filing its motion. A five-month span falls comfortably within the bounds of a "reasonable period" for purposes of Section 1610(c). This is especially true considering that the Clerk first sent notice of the original judgment to Kyrgyzstan several years ago—in July 2022—before the judgment was amended to include the additional legal costs requested by Gebre. Even still, there is no indication that Kyrgyzstan took any steps to satisfy the judgment over the past several years, or even that Kyrgyzstan tried to communicate with Gebre about it. *Warmbier*, 2019 WL 11276677, at *2 (finding months-long timeframe "particularly reasonable" where foreign state "made no efforts to satisfy the judgment" during that window). Kyrgyzstan's longstanding lack of engagement bolsters the Court's finding that a reasonable amount of time has passed here.[4]

---

[4] Indeed, as Gebre points out, this is apparently not the first time Kyrgyzstan has failed to satisfy a federal court judgment in this context. *See, e.g.*, *Sisten Muhendislik Insaat Sanayi Ve Ticaret, A.S. v. Kyrgyz Republic*, 624 F. Supp. 3d 432, 433 (S.D.N.Y. 2022) (issuing contempt orders after failure to satisfy judgment), *report and recommendation adopted*, 2022 WL 5246422 (S.D.N.Y. Oct. 6, 2022); *see also Entes Industrial Plans Constr. & Erection Contracting Co. v. Kyrgyz Republic*, No. 18-cv-2228-RC, ECF No. 35 (Sept. 14, 2020) (issuing Section 1610(c) order authorizing attachment and execution).

## CONCLUSION

For these reasons, the Court finds the requirements of Section 1610(c) have been satisfied: proper notice of the judgment was given to the Kyrgyz Republic, and a reasonable amount of time has elapsed since that notice. As such, Gebre's motion (ECF No. 45) to proceed with attachment and execution efforts under 28 U.S.C. § 1610(a) and (b) is **GRANTED**.[5]

**SO ORDERED.**


Dated: November 25, 2025                    _____

MATTHEW J. SHARBAUGH
United States Magistrate Judge

---

[5] Again, this order does not itself authorize attachment or execution as to specific property; it only authorizes Gebre to pursue such enforcement generally in courts with jurisdiction over specific assets.